ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 06 2010
at ___ o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

David B. Rosen (SBN 7152)
RosenLaw@hawaii.rr.com
THE LAW OFFICE OF DAVID B. ROSEN, ALC
810 Richards Street, Suite 880
Honolulu, Hawaii 96813
Telephone: (808) 523-9393
Facsimile: (808) 523-9595

*Attorney for Plaintiffs*
*Coach Inc., and Coach Services, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| COACH, INC., a Maryland Corporation; COACH SERVICES, INC., a Maryland Corporation,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>YOU AND I TRADING, an unknown business entity; and DOES 1-10, inclusive,<br><br>　　　　　Defendant. | CASE NO. CV C V 10-00720 SOM LEK<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. **TRADEMARK COUNTERFEITING;**<br>2. **FEDERAL TRADEMARK INFRINGEMENT;**<br>3. **FALSE DESIGNATIONS OF ORIGIN AND FALSE ADVERTISING;**<br>4. **FEDERAL TRADEMARK DILUTION;**<br>5. **COMMON LAW UNFAIR COMPETITION**<br><br>6. Summons |

　　　　Plaintiffs Coach, Inc., and Coach Services, Inc. ("Plaintiffs") for their claims against Defendant You and I Trading ("Defendant") respectfully allege as follows:

## JURISDICTION AND VENUE

1. Plaintiffs file this action against Defendant for trademark infringement and trademark dilution under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act"), and related claims of unfair competition and trademark dilution under the statutory and common law of the state of Hawaii. This Court has subject matter jurisdiction over the Federal trademark counterfeiting and infringement and trademark dilution claims pursuant to 28 U.S.C.A §§1121(a), 1331, 1338(a).

2. This Court has subject matter jurisdiction over the remaining claims pursuant to 28 U.S.C.A § 1367, since those claims are related to and arise from the same set of facts as Plaintiffs' trademark infringement claims.

3. This Court has personal jurisdiction over Defendant because Defendant does business within this judicial district, and the acts complained of occurred in this judicial district.

4. This action arises out of wrongful acts by Defendant within this judicial district. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the claims asserted arise in this district.

## THE PARTIES

5. Plaintiff Coach, Inc. is a corporation duly organized and existing under the laws of the State of Maryland, with its principal place of business in New York, New York. Plaintiff Coach Services, Inc., a wholly owned subsidiary of Coach, Inc., is a corporation duly organized and existing under the laws of the State of Maryland with its principal place of business in Jacksonville, Florida. Plaintiffs Coach, Inc. and Coach Services, Inc. will hereinafter be collectively referred to as "Coach."

6.     Upon information and belief, Defendant You and I Trading is an unknown business entity with an office and principal place of business at 99-500 Salt Lake Boulevard, Aiea, Hawaii 96701.

7.     Plaintiffs are unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities, named herein as DOES 1 through 10, inclusive, and therefore sue them by their fictitious names. Plaintiffs will seek leave to amend this complaint when their true names and capacities are ascertained. Plaintiffs are informed and believe, and based thereon allege, that said Defendant and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

8.     Plaintiffs are informed and believe, and based thereon allege, that at all relevant times herein, Defendant and DOES 1 through 10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior. Plaintiffs further allege that Defendant and DOES 1 through 10, inclusive, had a non-delegable duty to prevent or cause such acts and the behavior described herein, which duty Defendant and DOES 1 though 10, inclusive, failed and/or refused to perform.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### A.    The Coach Brand and its Family of Marks

9.     Coach was founded more than sixty years ago as a family-run workshop in Manhattan. Since then Coach has been engaged in the manufacture, marketing and sale of fine leather and mixed material products including handbags, wallets, accessories, eyewear, footwear, jewelry and watches. Coach sells its
COMPLAINT FOR DAMAGES

goods through its own specialty retail stores, department stores, catalogs and via an Internet website www.coach.com throughout the United States.

10.    Coach is the worldwide owner of the trademark "COACH" and various composite trademarks and assorted design components (collectively "Coach Marks"). Coach Marks include but are not limited to the following marks:

| Mark | U.S. Registration No(s). | Registration Date |
|---|---|---|
| "COACH" | 751, 493 | 06/25/1963 |
|  | 1,071,000 | 08/09/1977 |
|  | 2,088,706 | 08/19/1997 |
|  | 3,157,972 | 10/17/2006 |
| Coach est.1941 | 3,413,536 | 04/15/2008 |
| [circular COACH est.1941 logo] | 3,251,315 | 06/12/2007 |
| [horse and carriage] COACH LEATHERWARE EST. 1941 | 3,441,671 | 06/03/2008 |
| COACH | 2,252,847 | 06/15/1999 |
|  | 2,534,429 | 01/29/2002 |
| COACH | 1,309,779 | 12/18/1984 |
|  | 2,045,676 | 03/18/1997 |
|  | 2,169,808 | 06/30/1998 |
| Signature "C" Logo | 2,592,963 | 07/09/2002 |
|  | 2,626,565 | 09/24/2002 |
|  | 2,822,318 | 03/16/2004 |

| Mark | Registration No. | Date |
|---|---|---|
|  | 2,832,589 | 04/13/2004 |
|  | 2,822,629 | 03/16/2004 |
|  | 3,695,290 | 10/13/2009 |
| Coach "Op Art" Mark | 3,696,470 | 10/13/2009 |
|  | 3,012,585 | 11/08/2005 |
|  | 3,338,048 | 11/11/2007 |
|  | 2,162,303 | 06/02/1998 |
|  | 2,088,707 | 08/19/1997 |

11.   Coach has long been manufacturing and selling in interstate commerce high quality leather and mixed material products under the Coach Marks. These registrations are valid and subsisting and are incontestable.

Through longstanding use, advertising, and registration, the Coach Marks have achieved a high degree of consumer recognition and constitute famous marks.

12. Coach and its predecessors have continuously used the Coach Marks in interstate commerce in connection with the sale, distribution, promotion, and advertising of its goods for four decades.

13. Plaintiffs' Coach Marks are highly recognized by the public and serve to identify the source of the goods as Coach.

14. Coach has achieved sales volumes of over three billion dollars annually and has spent over a hundred million dollars in advertising, promoting, and marketing goods bearing the Coach Marks. As such, the Coach Marks and the goodwill associated therewith are valuable assets of Coach.

15. Due to Coach and its predecessors' long use, extensive sales, and significant advertising and promotional activities, the Coach Marks have achieved widespread acceptance and recognition among the consuming public and trade throughout the United States. The arbitrary and distinctive Coach Marks identify Coach as the source/origin of the goods on which it appears.

### B.     Defendant's Infringing Conduct

16. In or around June, 2010, Plaintiffs discovered that You and I Trading had been offering for sale, and/or selling goods, including handbags, bearing counterfeit reproductions of the Coach Marks.

17. Coach representatives have inspected samples of the Coach-branded merchandise obtained from Defendant and have determined said merchandise to be counterfeit.

18. The above-named Defendant is not authorized by Coach to manufacture, distribute, advertise, offer for sale, and/or sell merchandise bearing any of the Coach Marks.

## FIRST CLAIM FOR RELIEF

## (Trademark Counterfeiting – 15 U.S.C. § 1114)

19. Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

20. Defendant, without authorization from Coach, has used and is continuing to use spurious designations that are identical to, or substantially indistinguishable from, the Coach Marks in interstate commerce.

21. The foregoing acts of Defendant are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that Defendant's counterfeit products are genuine or authorized products of Coach.

22. Upon information and belief, Defendant has acted with knowledge of Coach's ownership of the Coach Marks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill inherent in the Coach Marks.

23. Defendant's acts constitute trademark counterfeiting in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

24. Upon information and belief, Defendant has made and will continue to make substantial profits and gains to which it is not in law or equity entitled.

25. Upon information and belief, Defendant intends to continue its infringing acts, unless restrained by this Court.

26. Defendant's acts have damaged and will continue to damage Plaintiffs, and Plaintiffs have no adequate remedy at law.

27. In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendant from using the Coach Marks or any marks identical and/or confusingly similar thereto for any purpose, and to recover from Defendant all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain

as a result of such infringing acts, and all gains, profits and advantages obtained by Defendant as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

## SECOND CLAIM FOR RELIEF
### (Federal Trademark Infringement – 15 U.S.C. 1114)

28. Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

29. The Coach Marks are nationally recognized, including within the Central District of Hawaii, as being affixed to goods and merchandise of the highest quality and coming from Plaintiffs.

30. The registrations embodying the Coach Marks are in full force and effect and Plaintiffs have authorized responsible manufacturers and vendors to sell merchandise with these marks.

31. Defendant's unauthorized use of the Coach Marks on inferior quality merchandise in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods and services are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Plaintiffs or come from the same source as Plaintiffs' goods and are of the same quality as that assured by the Coach Marks.

32. Defendant's use of the Coach Marks is without Plaintiffs' permission or authority and is in total disregard of Plaintiffs' rights to control their trademarks.

33. Defendant's activities are likely to lead to and result in confusion, mistake or deception and are likely to cause the public to believe that Plaintiffs have produced, sponsored, authorized, licensed or are otherwise connected or

affiliated with Defendant's commercial and business activities, all to the detriment of Plaintiffs.

34. Upon information and belief, Defendant's acts are deliberate and intended to confuse the public as to the source of Defendant's goods or services and to injure Plaintiffs and reap the benefit of Plaintiffs' goodwill associated with Plaintiffs' trademarks.

35. As a direct and proximate result of Defendant's willful and unlawful conduct, Plaintiffs have been injured and will continue to suffer injury to their businesses and reputations unless Defendant is restrained by this Court from infringing Plaintiffs' trademarks.

36. Defendant's acts have damaged and will continue to damage Plaintiffs, and Plaintiffs have no adequate remedy at law.

37. In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendant from using the Coach Marks or any marks identical and/or confusingly similar thereto for any purpose, and to recover from Defendant all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendant as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

## THIRD CLAIM FOR RELIEF

**(False Designation of Origin and False Advertising - 15 U.S.C. § 1125(a))**

38. Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

39. The Coach Marks are nonfunctional and their inherently distinctive quality has achieved a high degree of consumer recognition and serves to identify Plaintiffs as the source of high-quality goods.

40. Defendant's promotion, advertising, distribution, sale, and/or offering for sale of counterfeit Coach products, together with Defendant's use of other indicia associated with Coach is intended, and is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of said products, and is intended, and is likely to cause such parties to believe in error that the Defendant's counterfeit products have been authorized, sponsored, approved, endorsed or licensed by Coach, or that Defendant is in some way affiliated with Coach

41. Defendant's use of the Coach Marks is without Plaintiffs' permission or authority and is in total disregard of Plaintiffs' rights to control their trademarks.

42. Defendant's acts have damaged and will continue to damage Plaintiffs, and Plaintiffs have no adequate remedy at law.

43. In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendant from using the Coach Marks, or any marks confusingly similar thereto, and to recover all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a result of its infringing acts alleged above in an amount not yet known, as well as the costs of this action.

## FOURTH CLAIM FOR RELIEF
### (Federal Trademark Dilution – 15 U.S.C. § 1125(c))

44. Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

45. The Coach Marks are strong and distinctive marks that have been in use for many years and have achieved enormous and widespread public recognition, and are thus "famous" within the meaning of the Lanham Act.

46. Defendant has used in commerce in connection with the sale of its products counterfeit reproductions of the Coach Marks, which is likely to cause, and most likely has caused, confusion or mistake as to the affiliation, connection, or association between Defendant and Plaintiffs, or as to the origin, sponsorship, or approval of said counterfeit goods by Plaintiffs.

47. Defendant's acts described above have diluted and continue to dilute the unique and distinctive Coach Marks. These acts violate the Lanham Act, have injured and, unless immediately restrained, will continue to injure Plaintiffs, causing damage to Plaintiffs in an amount to be determined at trial, as well as irreparable injury to the goodwill and reputation associated with the Coach Marks.

48. Upon information and belief, Defendant's unlawful actions began long after the Coach Marks became famous.

49. Upon information and belief, Defendant acted knowingly, deliberately and willfully with the intent to trade on the reputation of the Coach® brand, and to dilute the Coach Marks. Defendant's conduct is willful, wanton, and egregious.

50. Upon information and belief, the Defendant herein named was the active, moving, conscious force behind the alleged infringing activities.

51. Plaintiffs have no adequate remedy at law to compensate them fully for the damages that have been caused and which will continue to be caused by Defendant's unlawful acts unless they are enjoined by this Court.

52. In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendant from using the Coach Marks, and to recover all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain, and all

gains, profits and advantages obtained by Defendant as a result of its infringing acts alleged above in an amount not yet known, as well as the costs of this action.

## FIFTH CLAIM FOR RELIEF
### (Common Law Unfair Competition)

53. Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

54. Plaintiffs own and enjoy common law trademark rights to the Coach Marks in Hawaii and throughout the United States.

55. Defendant's unlawful acts in appropriating rights in the Coach Marks were intended to capitalize on Plaintiffs' goodwill associated therewith for Defendant's own pecuniary gain. Plaintiffs have expended substantial time, resources and effort to obtain an excellent reputation for their respective brands. As a result of Plaintiffs' efforts, Defendant is now unjustly enriched and are benefiting from property rights that rightfully belong to Plaintiffs.

56. Defendant's unauthorized use of the Coach Marks has caused and is likely to cause confusion as to the source of Defendant's products, all to the detriment of Plaintiffs.

57. Defendant's acts are willful, deliberate, and intended to confuse the public and to injure Plaintiffs.

58. Defendant's acts constitute unfair competition under Hawaii common law.

59. Plaintiffs have been irreparably harmed and will continue to be irreparably harmed as a result of Defendant's unlawful acts unless Defendant is permanently enjoined from its unlawful conduct.

60. The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Plaintiffs in reckless disregard of Plaintiffs' rights. Said conduct was despicable and harmful to Plaintiffs, and as such supports an

12
COMPLAINT FOR DAMAGES

award of exemplary and punitive damages in an amount sufficient to punish and make an example of the Defendant and to deter it from similar such conduct in the future.

61. Defendant's acts have damaged and will continue to damage Plaintiffs, and Plaintiffs have no adequate remedy at law.

62. In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendant from using the Coach Marks, and to recover all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain and all gains, profits and advantages obtained by Defendant as a result of its infringing acts alleged above in an amount not yet known, as well as the costs of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for judgment against Defendant, as follows:

1. Granting temporary, preliminary and permanent injunctive relief restraining and enjoining Defendant, its officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with it from:

   (a) manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear the Coach Marks, or any other mark confusingly similar thereto;

   (b) manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear the Coach Designs, or any other designs substantially similar thereto;

   (c) engaging in any other activity constituting unfair competition with Coach, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Coach;

    (d) engaging in any other activity that will dilute the distinctiveness of the Coach Marks;

    (e) committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendant are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Plaintiffs;

   2. Ordering Defendant to recall from any distributors and retailers and to deliver to Coach for destruction or other disposition all remaining inventory of all infringing products, including all advertisements, promotional and marketing materials therefore, as well as means of making same;

   3. Ordering Defendant to file with this Court and serve on Coach within thirty (30) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

   4. Ordering an accounting by Defendant of all gains, profits and advantages derived from its wrongful acts;

   5. Awarding Plaintiffs all of Defendant's profits and all damages sustained by Plaintiff as a result of Defendant's wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a);

   6. Awarding treble damages in the amount of Defendant's profits or Plaintiffs' damages, whichever is greater, for willful infringement pursuant to 15 U.S.C. § 1117(b);

   7. Awarding applicable interest, costs, disbursements and attorneys' fees, pursuant to 15 U.S.C. § 1117(b);

   8. Awarding Plaintiffs' statutory damages pursuant to 15 U.S.C. §1117(c);

      9.     Awarding Plaintiff punitive damages in connection with its claims under Hawaii law; and

      10.    Such other relief as may be just and proper.

Dated: December 6, 2010

THE LAW OFFICE OF DAVID B. ROSEN, ALC

By: _____
David B. Rosen
*Attorney for Plaintiffs*
*Coach, Inc. and Coach Services, Inc.*

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Hawaii

| | |
|---|---|
| COACH, INC., a Maryland Corporation; COACH SERVICES, INC., a Maryland Corporation, <br> *Plaintiff* <br> v. <br> YOU AND I TRADING, an unknown business entity; and DOES 1-10, inclusive, <br> *Defendant* | ) ) ) ) ) ) ) ) ) <br><br> Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To *(Defendant's name and address)* YOU AND I TRADING
99-500 Salt Lake Boulevard,
Aiea, Hawaii 96701

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  David B. Rosen (SBN 7152)
RosenLaw@hawaii.rr.com
THE LAW OFFICE OF DAVID B. ROSEN, ALC
810 Richards Street, Suite 880
Honolulu, Hawaii 96813

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

SUE BEITIA

*CLERK OF COURT*

Date: DEC 06 2010

*Signature of Clerk or Deputy Clerk*